IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **HENRY SHENNETT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 5:10-CV-369 (MTT) |
| | : | |
| **Captain DAVE WILLIAMS and** | : | |
| **Sherriff HAROLD LANCASTER,** | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| **Defendants.** | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is an unopposed Motion for Summary Judgment filed by Defendants Captain Dave Williams and Sherriff Harold Lancaster. Doc. 40. For the following reasons, it is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.

PROCEDURAL HISTORY

Plaintiff Henry Shennett filed the above-captioned action pursuant to 42 U.S.C. § 1983 alleging that, while at Bleckley County Jail and after a verbal disagreement with Defendant Dave Williams, Defendants Williams and Harold Lancaster were responsible for having Plaintiff "illegally" sent to the Bleckley Probation Detention Center (BPDC) to serve additional time beyond his sentence.

On May 9, 2011, after the close of discovery, Plaintiff filed a Motion for Summary Judgment. Doc. 32. Because Plaintiff failed to identify any evidence in the record supporting his assertion that there is no issue of material fact and that he is entitled to judgment as a matter of law, it was recommended that Plaintiff's Motion for Summary Judgment be denied. Doc. 37. On October 20, 2011, the Court granted Plaintiff's Motion for Extension of Time (Doc. 38) to file an

objection and gave Plaintiff an additional thirty (30) days to object to the recommendation (Doc. 39). Plaintiff failed to file an objection, and the Court adopted the recommendation to deny Plaintiff's Motion for Summary Judgment on December 8, 2011. Doc. 43.

On October 20, 2011, Defendants filed the instant Motion for Summary Judgment along with other documents in support of their motion. Docs. 40, 41. Upon receipt of the motion, the Court directed Plaintiff to file a response within twenty-one (21) days. Doc. 42. To date, no response has been filed. Consequently, it appears that Plaintiff has abandoned his claims. Nevertheless, before entering summary judgment for Defendants, the Court must ensure that summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure.

## LEGAL STANDARDS

Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant bears the burden of establishing the absence of a dispute over a material fact. Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir. 1993). The evidence and factual inferences made from the evidence are viewed favorably to the party opposing summary judgment. Reynolds, 989 F.2d at 469.

The moving party must meet its burden even if the non-moving party fails to respond to a motion for summary judgment. Courts "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits of an unopposed motion for summary judgment, a court

> need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by

>evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.

Id. at 1101-02. In other words, the court cannot simply accept the facts stated in a moving party's statement of material facts as true, but must also review the movant's citations to the record and confirm that there are no issues of material fact. Id. at 1103 n. 6. Pursuant to Rule 56(c), the court "need consider only the cited materials, but it may also consider other materials in the record."

## DISCUSSION

Because Plaintiff has failed to file any response in opposition to Defendants' Motion for Summary Judgment, the Court accepts as accurate and relies upon the evidence submitted in support of Defendants' motion. The Court must nevertheless view this evidence and all factual inferences drawn from the evidence in the light most favorable to Plaintiff.

In this case, Plaintiff alleges that in August 2009, Defendants were responsible for Plaintiff being sent to the BPDC to serve more time than that which was required by Plaintiff's sentence. Plaintiff has failed to create a genuine issue of material fact with regard to his claim of illegal detention. The Eleventh Circuit has recognized the constitutional right to be free from continued detention after the state knew or should have known that the prisoner was entitled to release. Cannon v. Macon County, 1 F.3d 1558, 1563 (11th Cir. 1993); Rivas v. Freeman, 940 F.2d 1491 (11th Cir. 1991). Plaintiff fails, however, to show that he was entitled to be released from custody.

The record in this case shows that Plaintiff was sentenced on January 24, 2007, to confinement for a total of six years for possession of cocaine, open container violation, and littering on a highway. Def.'s Exhibit A at 4 (Doc. 40-1). Plaintiff was allowed to serve his sentence on probation so long as he complied with certain conditions of probation. Id. In January 2010, Plaintiff violated his probation by allegedly committing the offenses of battery, absconding

probation service, and paying probation fees. Id. at 8. As a result, on March 3, 2010, an Oconee Judicial Circuit Superior Court Judge modified Plaintiff's sentence to include "360-365 days in PDC suspended upon completion of eight months in Bleckley County Jail-credit for time served in BC Jail (since 1/20/10) then terminate balance." Id. at 7.

In July 2010, Plaintiff got into an argument with Defendant Williams. Pl's Compl. (Doc 1). On August 4, 2010, Defendant Lancaster contacted Assistant District Attorney O'Berry to report that Plaintiff had committed several violations of jail rules and recommended that Plaintiff be transferred to the Probation Detention Center to serve the 360-365 day suspended sentence. Def.'s Ex. A at 11 (Doc. 40-1). O'Berry contacted Probation Officer James Lee, who submitted a Probation Delinquency Report to an Oconee Judicial Circuit Superior Court Judge, recommending that Plaintiff be sent to the detention center to serve the suspended sentence. Id. On August 6, 2010, an Oconee Judicial Circuit Superior Court Judge entered an order approving Officer Lee's recommendation. Accordingly, Plaintiff was then transferred to the probation detention center to serve the balance of his sentence.

The record shows, therefore, that it was not the case that Defendants complied with due process when they transferred Plaintiff to the BPDC. The order to transfer Plaintiff to the BPDC was issued by a Superior Court Judge, acting upon the recommendations of Defendant Lancaster, the assistant district attorney, and Plaintiff's probation officer to lift the suspension of Plaintiff's detention center sentence. Thus, even taken in the light most favorable to Plaintiff, the undisputed facts are not sufficient to permit a reasonable jury to find that Defendants Williams or Lancaster were responsible for any illegal detention of Plaintiff. Accordingly, Defendants are entitled to judgment as a matter of law.

## CONCLUSION

Because there are no genuine issues of material fact, and because Defendants are entitled to judgment as a matter of law, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 27th day of December, 2011.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge